## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### COURT FILE NO.: CV - _____

| | |
|---|---|
| SHERRY HOPPES and DAVE HOPPES, <br> Plaintiffs <br><br> v. <br><br> PENN CREDIT CORPORATION and MARK HILLS, <br> Defendants | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

4. Because Defendant does business within the State of Pennsylvania, personal jurisdiction is established.

5. Venue is proper in this District because pursuant to 28 U.S.C. § 1331(b), as a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in a judicial district where any Defendant resides.

6. Defendant is deemed to reside in this District, because Defendant, Penn Credit Corporation is a corporation and would be subject to personal jurisdiction in this District at the time this action commenced, since Defendant transacts business in this District.

## PARTIES

7. Plaintiff, Sherry Hoppes is a natural person who resides in the City of Palmerton, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff, Dave Hoppes is a natural person who resides in the City of Palmerton, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.      Defendant, Penn Credit Corporation (hereinafter "Defendant" or "PCC"), is upon information or belief a Pennsylvania corporation with a registered address of 916 South 14th Street, Harrisburg, PA 17711.

10.     Defendant Mark Hills is upon information or belief a natural person employed by Defendant PCC with a business address of 916 South 14th Street, Harrisburg, PA 17711.

11.     At all times relevant to this Complaint, Defendants transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

12.     Plaintiffs, Dave Hoppes and Sherry Hoppes allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a medical bill allegedly owed to Lehigh Valley Physicians Group.

13.     Plaintiffs allegedly became delinquent on said account, and the account was subsequently assigned, sold or otherwise transferred to Defendant, PCC for collection.

14.     On or around March 31, 2011, Defendant PCC, by and through its agent/employee, Hills, contacted Plaintiffs' home via telephone, in an effort to collect the alleged debt.  During the telephone call, Hills advised Sherry Hoppes he was calling to collect the sum of $74.78 for Lehigh Valley Physicians Group. Hoppes immediately advised Hills she and her husband had retained the services

of an attorney for the filing of a bankruptcy and instructed Defendant to direct all future communications to her attorney. Hoppes then provided Hills with the name, address and telephone number of her attorney.

15. Despite receiving notice that an attorney represented Plaintiffs, Defendant PCC, through its agent/employee, Hills, placed a second call to the Hoppes' residence on April 5, 2011, but failed to leave a message disclosing the caller's identity in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692d(6) 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

16. A few minutes after their initial call on April 5, 2011, Defendants placed yet another call to Plaintiffs' home.

17. In the conversation that ensued during the second call of April 5, 2011, Defendant Hills advised Plaintiffs he was calling on behalf of PCC to collect a debt for Lehigh Valley Physicians Group in the amount of $74.78. Defendant demanded immediate payment from Plaintiffs. Sherry Hoppes then instructed Defendants yet again not to contact her home, and supplied her and her husband's attorney's name and contact information.

18. Defendants' communication with Plaintiff on April 5, 2011 violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

19. Despite receiving notice twice from the Plaintiffs that they were represented by an attorney, Defendant PCC placed a third call to the Hoppes' residence on April 13, 2011, in violation of multiple and numerous provisions of the FDCPA, including

but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692d(6) 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

20.  In addition to the calls previously referenced, Defendants made additional calls to the Hoppes' residence, but Defendants failed to leave a message identifying the company from which they were calling, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692d(6) 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

21.  While attempting to collect the alleged debt from Plaintiffs, Defendant acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry.

## TRIAL BY JURY

22.  Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

23.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.  The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25.     As a result of each of Defendants' violations of the FDCPA, Plaintiffs have suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

Respectfully submitted,

Dated: April 28, 2011

**RAPA LAW OFFICE, P.C.**

By:  __s/ Jason M. Rapa___
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa, Esquire
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730
jrapa@rapalegal.com
mrapa@rapalegal.com

Attorneys for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Sherry Hoppes depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: _4/27/2011_

_____
Sherry Hoppes


**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Dave Hoppes depose and say as follows:

8. I am a Plaintiff in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
13. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
14. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: _4-27-2011_

_____
Dave Hoppes